ATTACHMENT TO PETITION FOR WRIT OF HABEAS CORPUS

Ground One: PETITIONER WAS DENIED DUE PROCESS AND A FUNDAMENTAL FAIR TRIAL WHEN THE CIRCUIT COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR TO IMPOSE SENTENCE BECAUSE THE CASE WAS PENDING APPEAL OF THE JUVENILE COURT TRANSFER ORDER AT THE TIME THE CIRCUIT COURT RECEIVED THE INDICTMENT.

Petitioner avers that the Capital Murder for which he was conmvicted and senteced occurred on August 22, 1983. A delinquency petition was filed against Baker in the juvenile court, because Petitioner was 17 years old at the time of the offense, charging petitioner with intentional murder. The petition was amended to charge petitioner with two counts of capital murder. the State filed a Motion to transfer the proceedings to the Circuit Court so petitioner could be tried as an adult. A hearing was held on the delinquency petition, and the trial court granted the State's motion to transfer the intentional-murder count to the circuit court, but denied the motion as it related to the two counts of capital murder, for lack of probable cause.

The petitioner appealed the transfer order. On January 25, 1984, while the case was pending on appeal in the Alabama Court of Criminal Appeals, a Pike County grand jury returned a two-count indictment against petitionber, charging him with murder made capital because it was commited during a Burglary, § 13A-5-40(a)(4) Ala.Code 1975, and Intentional murder, §13A-

5-40, Ala. Code 1975.

Petitioner avers that the jurisdiction of the Circuit Court in felony cases, rest upon the utilization of a grand jury indictment or information. When the Circuit court received the indictment on January 25, 1984, it obtained jurisdiction over the subject matter. However, because petitioner's case was pending appeal of the juvenile transfer order at the time the circuit court received the indictment. Petitioner argues because the indictment returned was based on matter invovled on the appeal, i.e., Petitioner's confession, in fact, petitioner's confession was later found to be illegally obtained, the juvenile appeal did not conclude until May 8, 1984.

Jurisdiction of a case can be only in one court at a time. Therefore the Circuit Court was without jurisdiction to render judgement in this case, suc error deprived petitioner of due process and a fundamental fair trial.

Ground Two: PETITIONER WAS DENIED DUE PROCESS AND A FUNDAMENTAL FAIR TRIAL BECAUSE THE TRIAL COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR TO IMPOSE SENTENCE BECAUSE THE INDICTMENT UPON WHICH PETITIONER WAS TRIED WAS THE PRODUCT OF PROSECUTORIAL MISCONDUCT AND NOT THE INDEPENDENT POWER OF A GRAND JURY .

Petitioner avers that the Capital muredr and intentional murder counts in the Indictment are inconsistent and that the Indictment was the result of prosecutorial misconduct.

Count I of the indictment charges murder made capital because it was commited during a Burglary, while Count II,

charges intentional murder without reference to the commission of a collateral felony. Petitioner avers that the face of the indictment, evidence that inconsistent theories were presented to the Grand Jury, first, in order for the grand jury to return an indictment for capital murder-burglary, the prosecutor had to represent that the murder occurred during a burglary, second, in order for the grand jury to return count II of the indictment, charging murder, the prosecutor had to represent to the jury that the murder ocurred, but not during a burglary or other felony. It is impossible for the grand jury to find that the murder did not occur during a burglary, and at the same time find that a Burglary did occur. P_etitioner avers if the Fifth Amendment and Fourteenth Amendment promises that no person shalll be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, and that no person shall be deprived of liberty liberty or limb, without due process of law, means anything, it means that a criminal indictment must actually issue from a grand jury, and not some other source. It must be the product of an investigative deliberation that is independent of both the prosecuting attorney and the Court. <u>United States v. Williams,</u> 504 U.S. 36 (1992); <u>U.S. v. Sigma Intern., Inc.,</u> 244F.3d 841,856-58 (11th Cir. 2001)