IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALBERT BAKER, JR., #140789X, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-1103-D |
| ) | |
| GRANTT CULLIVER, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Albert Baker, Jr. ["Baker"], a state inmate, on November 17, 2005. In this petition, Baker challenges a 1987 capital murder conviction entered against him by the Circuit Court of Pike County, Alabama. A sentence of life imprisonment without parole was imposed for this conviction.

**DISCUSSION**

A review of this court's records reveals that Baker filed previous habeas petitions pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1987 capital murder conviction. *See Baker v. Jones, et al.*, Civil Action No. 2:97-CV-868-D (M.D. Ala. 2000); *Baker v. Culliver, et al.*, Civil Action No. 2:05-CV-228-A (M.D. Ala. 2005). In the initial habeas action, the court denied Baker relief from his conviction. With respect to the application for habeas corpus relief filed by Baker earlier this year, the court summarily

dismissed such petition pursuant to the directives of 28 U.S.C. § 2244(b)(3)(A) as Baker had not obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief.

As indicated above, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for habeas corpus relief] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Baker that he has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking would be his [third] habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a [third] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001)(parentheses omitted), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Consequently, the present petition for

habeas corpus relief is due to be summarily dismissed.  *Gilreath*, 273 F.3d at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Albert Baker, Jr. on November 17, 2005 be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Baker has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive habeas application.[1]

It is further

ORDERED that on or before December 6, 2005 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

---

[1] The court notes that any § 2254 petition filed by Baker is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  Moreover, the court finds that there are no circumstances present in this case which "would entitle [Baker] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action.  *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of November, 2005.

      /s/Charles S. Coody  
    CHARLES S. COODY  
    CHIEF UNITED STATES MAGISTRATE JUDGE